**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF IOWA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No.  16-02438-als11 |
| | ) | |
| **CENTRAL IOWA HEALTHCARE** | ) | **UNITED STATES TRUSTEE'S LIMITED** |
| | ) | **OBJECTION TO DEBTOR'S EMERGENY** |
| Debtor. | ) | **MOTION TO COMPEL COMPLIANCE** |

The United States Trustee for Region 12, by and through the undersigned Assistant United States Trustee, raises the following Limited Objection to Debtor's "Emergency Motion to Compel Compliance by UntiyPoint Health – Waterloo With Obligations Under Debtor-in-Possession Financing Agreement" (hereafter "Emergency Motion").  In support of his limited objection the United States Trustee alleges as follows:

1.  The Emergency Motion cites no statutory or case law authority supporting its position that the Court can order a non-party to make a loan.  While enforcing the DIP financing agreement is certainly a core matter under 28 U.S.C. § 157(b)(2)(A), there is nothing in the statute giving the Court jurisdiction or authority to order a non-party to make a loan or advance funds.

2.  The lack of "core" standing for Debtor's request is important by virtue of *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) and its progeny, under which the Supreme Court limited the jurisdiction of the Bankruptcy Courts to address even core matters.

3.  In affirming the Ninth Circuit's decision, the *Stern* Court acknowledged that a counterclaim constituted a core proceeding as defined in the statute. *Id.* at 2604.  The Court "conclude[d] that § 157(b)(2)(C) permits the bankruptcy court to enter final judgment on Vickie's counterclaim, [but] Article III of the Constitution does not." *Id.* at 2608.  In reaching this conclusion the Court differentiated two of its prior decisions that

1

permitted bankruptcy judges to decide matters directly related to claims asserted by creditors.

4. The United States Code also specifically identifies a category of cases over which bankruptcy courts may preside but do not have final dispositive authority. 28 U.S.C. § 157(c)(1); *see In re AFY*, 461 B.R. 541 (8th Cir. B.A.P. 2012); *In re Civic Partners Sioux City*, 2012 WL 761361, at *5 (Bankr. N.D. IA 2012). Section 157(c)(1) provides:

> (c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1).

5. Under 28 U.S.C. § 157(c)(2), the parties may consent to the bankruptcy court's jurisdiction over "related to" proceedings. Specifically, § 157(c)(2) provides:

> (2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, <u>with the consent of all the parties</u> to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(c)(2). (Emphasis added.)

6. The Eighth Circuit B.A.P. has specifically concluded: "Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional." *In re AFY*, 461 B.R. at 547–48; *see In re Civic Partners Sioux City*, 2012 WL 761361, at *5. The B.A.P. agreed that *Stern* was narrowly written and has applied it accordingly.

7. In *Civic Partners,* this Court specifically stated:

> *Stern* did not strike the entire structure in 28 U.S.C. § 157 allocating the division of authority into core and non-core proceedings. Similarly, *Stern* did not strike down or even address the other enumerated examples of core proceedings in § 157(b)(2)—other than the one it addressed— § 157(b)(2)(C). *In re AFY,* 461 B.R. at 547–48. *Stern* did not even strike down § 157(b)(2)(C) or otherwise state that counter-claims filed by the estate against a person filing claims against the estate are never core proceedings. Instead, *Stern* simply provided guidance on how broadly § 157(b)(2)(C) could reach without exceeding constitutional limits stating: "The Bankruptcy Court lacked the constitutional authority to enter a final judgment on a state law counter-claim that is not resolved in the process of ruling on a creditor's proof of claim." 131 S.Ct. at 2620.

*In re Civic Partners,* 2012 WL 761361, at *8.

8. As 28 U.S.C. § 157 specifically establishes, bankruptcy courts have final dispositive authority over core proceedings. They also have jurisdiction over non-core, "related to" proceedings, but, absent consent of the parties, not final dispositive authority. In those "related to" cases, bankruptcy judges must submit proposed findings of fact and conclusions of law (a report and recommendation) which the district court will review *de novo.* See *In re AFY,* 461 B.R. at 547; *In re Civic Partners Sioux City,* 2012 WL 761361, at *5.

9. The United States Trustee takes no position on whether UnityPoint has violated the Debtor-in-Possession financing agreement. Nor does he take any position on whether such violation, if it in fact exists, would subject UnityPoint to a potential award for damages. Rather, the United States Trustee simply asserts that under the existing case law, absent the consent of the parties, the Court does not have the authority to provide the requested relief.

10. As the Emergency Motion cites no authority under which the Court can grant Debtor the relief requested, the Motion must be denied.

WHEREFORE, the United States Trustee respectfully requests this Court enter an Order denying Debtor's Emergency Motion.

        **Daniel M. McDermott**,
United States Trustee
Region 12

By: /s/ James L. Snyder
    **James L. Snyder**
    ID # IS9998256
    210 Walnut Street, Rm 793
    Des Moines, Iowa 50309-2108
    Ph: (515) 284-4985 / Fax: 284-4986
    James.L.Snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of this document was sent to the parties below on January 17, 2017.

Parties receiving electronic service:

- Michael A Brandess    mbrandess@sugarfgh.com
- Erin M Clanton    erin.clanton@brickgentrylaw.com, katherine.hanson@brickgentrylaw.com
- Jeffrey W Courter    jwc@nyemaster.com, mks@nyemaster.com
- Matthew T Cronin    mtcronin@belinmccormick.com
- Richard A Davidson    rdavidson@l-wlaw.com
- Angela E Dralle    dralle.angela@dorsey.com, boelling.karen@dorsey.com
- Thomas L Flynn    tom.flynn@brickgentrylaw.com, alnemechek@gmail.com;lacey.vongxay@brickgentrylaw.com
- Robert C Gainer    rgainer@cutlerfirm.com, vreed@cutlerfirm.com
- Jeffrey K Garfinkle    jgarfinkle@buchalter.com, dcyrankowski@buchalter.com
- Jeffrey D Goetz    bankruptcyefile@bradshawlaw.com, goetz.jeffrey@bradshawlaw.com;carpe.pamela@bradshawlaw.com;warner.barbara@bradshawlaw.com
- Susan N Goodman    sgoodman@mcrazlaw.com, doesterle@mcrazlaw.com;tdahl@mcrazlaw.com;ecfbk@mcrazlaw.com
- Aaron L Hammer    ahammer@sfgh.com, mmelickian@sfgh.com;mbrandess@sfgh.com;joconnor@sfgh.com;bkdocket@sfgh.com
- Michael F Kivett    mfkivett@womglaw.com, bfoley@womglaw.com
- Craig Knickrehm    cknickrehm@womglaw.com, jellis@womglaw.com
- Jared F Knight    jknight@simmonsperrine.com
- Eric W Lam    elam@simmonsperrine.com, ktheusch@simmonsperrine.com;tdomeyer@simmonsperrine.com
- Julie Johnson McLean    juliemclean@davisbrownlaw.com
- Mark S Melickian    mmelickian@sfgh.com
- Krystal R Mikkilineni    mikkilineni.krystal@bradshawlaw.com, warner.barbara@bradshawlaw.com;carpe.pamela@bradshawlaw.com;bankruptcyefile@bradshawlaw.com
- William J Miller    miller.william@dorsey.com, boelling.karen@dorsey.com;walker.lisa@dorsey.com
- Gay D Pelzer    jackie-kjaer@uiowa.edu
- Lisa M Peters    lisa.peters@kutakrock.com, marybeth.brukner@kutakrock.com
- James L Pray    pray@brownwinick.com, sprole@brownwinick.com
- Roger R Schoell    roger@gbsbhlaw.com
- Michael M Tamburini    mtamburini@levycraig.com, krose@levycraig.com;elit@levycraig.com
- Michael K Thibodeau    mike@dreherlaw.com
- Brooke S Van Vliet    brooke.vanvliet@brickgentrylaw.com

By: /s/ Shelly W. Fellner
**Shelly W. Fellner**
Legal Clerk
United States Trustee's Office